# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER LEE CRESPIN,

      Plaintiff,

vs.                                         No. CV 18-00227 JCH/KRS

METROPOLITAN DETENTION CENTER,
ABRAHAM GALLARDO,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under Fed. R. Civ. P. 41(b) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Christopher Lee Crespin on March 7, 2018. (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with 28 U.S.C. §§ 1914 and 1915, failure to comply with Court orders, and failure to prosecute this case.

Plaintiff, Christopher Lee Crespin, filed this civil rights proceeding under 42 U.S.C. § 1983 on March 7, 2018. (Doc. 1). Plaintiff did not pay the $400.00 filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On March 12, 2018, the Court ordered Plaintiff to cure this deficiency within 30 days by either paying the $400.00 filing fee or submitting an application to proceed *in forma pauperis*. (Doc. 2). The Order advised Plaintiff that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 2 at 1). The Court also sent Plaintiff the forms for submitting an application under § 1915. (Doc. 2 at 2). More than 30 days elapsed after entry of the Court's Order to Cure Deficiency and Plaintiff did not pay

the $400 filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's March 12, 2018 Order.

On April 19, 2018, the Court entered an Order to Show Cause. (Doc. 4). The Order directed Plaintiff Crespin to show cause within 21 days why the case should not be dismissed for failure to comply with the Court's March 12, 2018 Order. (Doc. 4 at 2). On May 9, 2018, Crespin sent a letter response to the Court stating that "my filing fee for my case against Lt. Gallardo was waived my paperwork said." (Doc. 5 at 1). Crespin attached a State of New Mexico, Second Judicial District Court Order on Application for Free Process. (Doc. 5 at 2-3). As indicated, Plaintiff Crespin's Complaint was filed in this federal Court on March 7, 2018. (Doc. 1). The Court takes note that he filed a substantially identical tort complaint in the State of New Mexico, Second Judicial District Court on March 28, 2018, along with an application for free process, which was granted by the state court. See *Christopher Lee Crespin v. Metropolitan Detention Center and Abraham Gallardo,* No. D-202-CV-2018-02484.[1]

On May 18, 2018, seven days after the deadline for Crespin to respond to the Order to Show Cause, Crespin filed a packet of additional materials. In his transmittal letter, Crespin stated "It's 5 separate envelopes, but together it equals "one "packet of the information need to proceed with *my tort claim*. . ." (Doc. 7) (emphasis added). The packet included a State of New Mexico, Second Judicial District Court Complaint (Tort), Summons, Motion for Free Process, and Court Annexed Arbitration Certification. (Doc. 8 at 21-36). Nothing filed by Crespin was

---

[1] Crespin has a pattern of filing prisoner civil rights complaints in this Court and then filing essentially duplicative proceedings in state court. *See Christopher Lee Crespin v. Albuquerque Police Department, 2nd Judicial, Public Defender Department,* No. CV 18-00260 WJ/CG and *Christopher Lee Crespin v. New Mexico Public Defender Department,* No. D-202-CV-2018-02936, *Christopher Lee Crespin v. Albuquerque Police Department,* No. D-202-CV-2018-02937, and *Christopher Lee Crespin v. Second Judicial District Court,* No. D-202-CV-2018-02941.

responsive to this Court's Order to Show Cause but, instead, indicated intent by Crespin to prosecute his New Mexico state court action.

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the federal filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has failed to either pay the $400.00 filing fee or submit an application to proceed under § 1915. The Court ordered Crespin to either pay the filing fee or submit an application to proceed under § 1915. The Court also provided Crespin with the § 1915 application form. (Doc. 2). Crespin did not pay the fee, file an application to proceed, or even respond to the Court's Order.

When the Court ordered Crespin to show cause why the case should not be dismissed, he tried to claim that the fee had been waived based on the state court's order granting him free process. (Doc. 5). The state court's grant of free process in his separate state court action has no application to this federal court case. Crespin's May 18, 2018 packet was untimely, and demonstrates that, rather than prosecute a federal civil rights case in this court, Crespin intends to pursue his New Mexico state tort action. (Doc. 7, 8). Crespin has failed to comply with the requirements of 28 U.S.C. §§ 1914 and 1915, with the Court's March 12, 2018 Order to Cure Deficiency, and with the Court's April 19, 2018 Order to Show Cause.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914, 1915, failure to comply with the Court's Orders of March 12, 2018 and April 19, 2018, and failure to prosecute this proceeding. The Court's dismissal is without prejudice to Crespin's right to proceed on his tort action pending in the New Mexico Second Judicial District Court.

Also before the Court is the Application to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiff Crespin on June 12, 2018 (Doc. 9). The Court will deny the Application to Proceed on several grounds. First, the Application does not comply with the requirements of 28 U.S.C. § 1915(b) in that it does not include Crespin's 6-month inmate account statement. Second, the Court ordered Crespin to file an application to proceed *in forma pauperis* no later than April 12, 2018. (Doc. 2). The Application is filed two months after the Court's deadline, without any explanation for his failure to file within the time limit or any request for an extension of time. Last, the Application to Proceed is moot in light of the Court's Rule 41(b) dismissal of the Complaint.

**IT IS ORDERED:**

(1) the Application to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiff Christopher Lee Crespin on June 12, 2018 (Doc. 9) is **DENIED**; and

(2) the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Christopher Lee Crespin on March 7, 2018 (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or to comply with 28 U.S.C. §§ 1914 and 1915 and with the Court's March 12, 2018 and April 19, 2018 Orders.

_____
UNITED STATES DISTRICT JUDGE